**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANIELA YUMI IGA,

      Plaintiff,                           Case No.: 1:25-cv-14454

v.                                      Judge Andrea R. Wood

THE PARTNERSHIPS AND UNINCORPORATED    Magistrate Judge Beth W. Jantz
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendants.

## PLAINTIFF'S INITIAL STATUS REPORT

Plaintiff to Minute Entry Order [29], Plaintiff Daniela Yumi Iga ("Plaintiff") submits this status report solely on behalf of Plaintiff. Plaintiff had contacted Defendant No. 23 W6Design ("Defendant") but had not received a response as of the time of this filing. Plaintiff therefore states as follows:

1. **Nature of the Case**

    a. Identify the attorneys of record for each party, including the lead trial attorney.

        i. FOR THE PLAINTIFF: Keith A. Vogt (Illinois Bar member, Northern District of Illinois Bar member, and Northern District of Illinois Trial Bar member), Keith A. Vogt PLLC, as the lead trial attorney and Yanling Jiang (Illinois Bar member and Northern District of Illinois Bar member) Yi Bu (Illinois Bar member and Northern District of Illinois Bar member), Adam Grodman (Illinois Bar member and Northern District of Illinois Bar member), Cameron McIntyre (Illinois Bar member and Northern District of Illinois Bar member), Monica

Martin (Illinois Bar member and Northern District of Illinois Bar member), and Christopher Romero (Illinois Bar member and Northern District of Illinois Bar member) JiangIP LLC as attorneys. The Plaintiff has no local counsel.

    ii. FOR DEFENDANT: Jianyin Liu (Florida Bar member and Northern District of Illinois Bar member), The Law Offices of James Liu PLLC as the lead trial attorney.

    iii. No other Defendants on Schedule A have appeared.

b. Identify any parties that have not yet been served.

    i. All parties have been served.

c. State the basis for federal jurisdiction.

    i. The Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b),and 28 U.S.C. § 1331.

d. Describe generally the nature of the claims asserted in the complaint and any counterclaims.

    i. Plaintiff brings claims of federal copyright infringement.

    ii. Defendant's answer did not bring any counterclaims.

e. State the major legal and factual issues in the case.

    i. The major legal and factual issues revolve around whether the Defendant has engaged in willful federal copyright infringement.

f. Describe the relief sought.

    i. Plaintiff's relief sought is actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to

be determined at trial. Plaintiff further seeks injunctive relief as well as Plaintiff's reasonable attorneys' fees and costs.

ii. Defendant's relief sought is that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff's requested relief be denied, and that Defendant be awarded its costs and attorney's fees pursuant to 17 U.S.C. § 505.

2. **Case Plan**

a. Identify all pending motions.

i. There are no pending motions.

b. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

i. Defendant has already filed an answer to Plaintiff's Complaint.

ii. At time of this filing, Plaintiff is unaware of whether any other defendants identified on Schedule A who have not yet appeared intend to file a motion in response to Plaintiff's Complaint.

c. Submit a proposed discovery plan, including the following information:

i. The general type of discovery needed;

1. Plaintiff seeks discovery of Defendant's accurate contact information and information related to Defendant's business activities, including all other online marketplace accounts, advertising and marketing efforts, product inventory and shipping information, sales information, and financial accounts.

ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;

  1. Plaintiff anticipates that discovery will encompass ESI.

iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);

  1. Plaintiff does not anticipate that there will be any such claims.

iv. the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;

  1. February 21, 2026.

v. the date by which the parties will complete fact discovery;

  1. August 21, 2026.

vi. whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;

  1. Plaintiff does not know at this time whether expert discovery will be needed, however, Plaintiff proposes the following schedule for expert discovery:

    a. September 21, 2026, for Plaintiff's Expert Disclosures

    b. October 21, 2026, for Defendant's Expert Disclosures

    c. November 21, 2026, for Plaintiff's Rebuttal Expert Disclosures (if needed)

4

vii. what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and

1. Plaintiff does not request that any changes be made at this time.

viii. the date by which the parties must file any dispositive motions.

1. December 21, 2026.

d. State whether there has been a jury demand and the estimated length of trial.

i. Neither party has demanded a jury. The estimated length of trial is 2-3 days.

## 3. Settlement

a. State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.

i. The parties are currently engaged in settlement negotiations.

a. State whether the parties believe that a settlement conference would be productive at this time.

a. Plaintiff believes that settlement discussions remain productive and does not request a settlement conference at this time.

## 4. Consent to Proceed Before a Magistrate Judge

a. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties

5

unanimously consent to that procedure. Do **not** indicate which parties consented or did not consent.

 i. Counsel for Plaintiff has informed their client about the possibility of proceeding before the assigned Magistrate Judge. The Parties have not unanimously consented to proceeding before the Magistrate Judge.

DATED: January 21, 2026       Respectfully submitted,

           */s/ Keith A. Vogt*
           Keith A. Vogt
           FL Bar No. 1036084 / IL Bar No. 6207971
           Keith A. Vogt PLLC
           1820 NE 163rd Street, Suite #306
           North Miami Beach, Florida 33162
           Telephone: 312-971-6752
           E-mail: keith@vogtip.com

           **ATTORNEY FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on January 21, 2026 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt